## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY W. VUNCANNON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-21-01128-JD |
| | ) |
| STEVEN HARPE, Director of OK. Dep. of Corrections,[1] | ) ) ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is the Report and Recommendation ("R. & R.") [Doc. No. 15] issued by United States Magistrate Judge Gary M. Purcell on January 27, 2022, under 28 U.S.C. § 636(b)(1)(B). Judge Purcell recommends that Petitioner Billy W. VunCannon's Petition for Writ of Habeas Corpus ("petition") [Doc. No. 1] under 28 U.S.C. § 2254 be dismissed as untimely. [Doc. No. 15 at 13].[2]

Judge Purcell advised VunCannon of his right to object to the R. & R. by February 16, 2022. VunCannon timely objected. [Doc. No. 16].[3]

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d) and Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, Steven Harpe, the current Director of the Oklahoma Department of Corrections, is substituted for Scott Crow. The Court Clerk shall note the substitution on the record, and Steven Harpe shall be substituted as Respondent in the case style on future filings.

[2] The Court uses CM/ECF page numbering in this Order.

[3] "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. VunCannon's objection meets this rule. See [Doc. No. 16-1 (postmarked Feb. 15, 2022)].

The Court liberally construes VunCannon's filings because he is proceeding pro se. The Court also reviews de novo the objected-to portions of the R. & R. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also Morgan v. Oklahoma*, 814 F. App'x 353, 355 (10th Cir. 2020) (unpublished) (explaining that "a party's objections to the magistrate judge's report and recommendation" should be "specific" (internal quotation marks and citation omitted)).

Having reviewed the record, and under the legal standards, the Court accepts the R. & R. as modified in this Order and dismisses VunCannon's petition as untimely. The Court also declines to issue a certificate of appealability.

I.      **BACKGROUND**

On June 14, 2019, VunCannon pled guilty and was convicted of Forcible Sodomy and two counts of Lewd Molestation/Indecent Proposal to a Child in Cleveland County District Court, Oklahoma. [Doc. No. 1 at 10]. He did not appeal the conviction. [*Id.*]. On April 7, 2021, VunCannon filed an application for post-conviction relief, and on July 28, 2021, the State of Oklahoma ("State") filed a motion to strike his application for overlength. The state court granted the State's motion on July 29, 2021. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the state court's dismissal on November

10, 2021.[4]  This § 2254 action was filed on November 29, 2021.[5]

## II.    LEGAL STANDARD

A state prisoner must file an application for a § 2254 writ of habeas corpus within one year of the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (a provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA")). "The limitations period generally runs from the date on which the state judgment became final after direct appeal[,]" *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000), unless the petitioner alleges facts implicating sections (B), (C), or (D).

AEDPA allows for tolling of the limitations period while a properly filed state post-conviction proceeding is pending before the state courts. 28 U.S.C. § 2244(d)(2). If the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some

---

[4] VunCannon's state court proceedings (Cleveland County, Oklahoma, CJ-2018-1015, and OCCA, PC-2021-842) are publicly available on the Oklahoma State Courts Network, at www.oscn.net. The R. & R. considered the state court dockets, and this Court has done the same.

[5] VunCannon signed the federal petition on November 22, 2021, and it is postmarked on November 24, 2021.

extraordinary circumstance stood in his way" and prevented timely filing, the petitioner is entitled to equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A "credible showing of actual innocence" may also allow a petitioner to pursue his habeas claims on the merits despite an otherwise untimely petition. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (referring to this as an "equitable exception" or "fundamental miscarriage of justice exception").

### III.   ANALYSIS

The R. &R. concludes that VunCannon's habeas statute of limitations expired on June 25, 2020, absent statutory or equitable tolling or exception. The R. & R. addresses the start date for VunCannon to file his petition and determines his limitations period starts under § 2244(d)(1)(A). The R. & R. finds that statutory tolling does not apply and that VunCannon did not meet his burden of showing equitable tolling. Finally, the R. & R. finds that VunCannon does not make a credible showing of actual innocence to benefit from the equitable exception.

Liberally construing his objection, VunCannon raises three objections to the R. & R. First, he argues his petition is timely because the State created an impediment to filing that came to light in *McGirt v. Oklahoma*, 591 U.S. ----, 140 S. Ct. 2452 (2020). Second, he argues that the R. & R. wrongly discounted his poverty as an impediment to filing a timely petition. Third, VunCannon maintains the State withheld *Brady* material and that he is actually innocent.[6]

---

[6] The Court liberally construes VunCannon's filings to reach objections addressing the timeliness of the petition, but, like Judge Purcell, does not reach the merits of his

> **A.   The Court overrules VunCannon's objection that the issuing of *McGirt* made his petition timely.**

In his first objection, and under liberal construction, VunCannon argues that his petition is timely because the Supreme Court's decision in *McGirt* recognized a new constitutional right and lifted a previously unconstitutional impediment. 140 S. Ct. at 2472. This argument fails for two reasons. First, *McGirt* was decided on July 9, 2020, and VunCannon filed this petition in November 2021—over one year after the Supreme Court issued the decision. Second, "*McGirt* announced no new constitutional right." *Pacheco v. Habti*, 62 F.4th 1233, 1246 (10th Cir.), *cert. denied*, 143 S. Ct. 2672 (2023). Accordingly, the Court overrules VunCannon's objection.

> **B.   The Court overrules VunCannon's objection that his poverty is an unconstitutional impediment.**

In his second objection, VunCannon argues that his poverty "is a monumental . . . impediment," and the State exploited it "by depriving him [of] records at the expense of the public." [Doc. No. 16 at 12]. He states that by not providing him with transcripts, the State created an unconstitutional impediment.

"Courts have unanimously rejected the proposition that the absence of transcripts automatically triggers statutory tolling under § 2244(d)(1)(B)." *Heinemann v. Murphy*, 401 F. App'x 304, 309 (10th Cir. 2010) (unpublished) (citing cases). Instead, petitioners must show that the State's failure to provide transcripts *prevented* them from filing their

---

habeas claims. *See* [Doc. No. 15 at 4]; *see also Faircloth v. Raemisch*, 692 F. App'x 513, 521 (10th Cir. 2017) (unpublished) ("[I]n order to reach the merits of [the petitioner's] § 2254 motion, [the petitioner] must first demonstrate that it was timely filed—a requirement he has not and cannot meet here.").

habeas corpus petitions. *See id.* at 310 (citing language in *Wood v. Spencer*, 487 F.3d 1, 7 (1st Cir. 2007) and explaining that the question is whether the petitioner was "prevented"—which in common parlance means frustrated, held back, or kept from happening—from filing a federal habeas petition). VunCannon has offered no explanation as to why or how the State's failure to provide transcripts prevented him from filing this federal petition sooner. Thus, the Court overrules his objection.[7]

      **C.    The Court overrules VunCannon's objection regarding his actual innocence.**

In his third objection, VunCannon argues that the State withheld *Brady* material. *See Brady v. Maryland*, 373 U.S. 83 (1963). He claims that the withheld materials—police reports, transcripts from witness interviews, and other discovery—would prove his actual innocence. He asserts, however, that he learned of this information in July 2020, *see* [Doc. No. 16 at 21], at which point he made every effort to obtain the records.[8] However, "[t]o invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable

---

[7] Judge Purcell also analyzed VunCannon's contention of not being provided with records and files to determine if VunCannon was entitled to equitable tolling. The Court does not construe the objection to challenge the equitable tolling analysis in the R. & R. *See* [Doc. No. 16 at 11 (arguing "[t]hese aren't merely 'tolling' provision(s) that put the clock on hold. . . . You get a full year to file your motion or petition from the date of event.")]. But even if VunCannon did challenge the equitable tolling analysis, the Court finds the R. & R. properly analyzes why he is not entitled to it, and the Court cannot meaningfully add to Judge Purcell's findings and recommendations on equitable tolling and adopts them as its own. *See* [Doc. No. 15 at 10–12].

[8] Other than asserting that an alleged victim "was coached by her mother to commit perjury," [Doc. No. 16 at 19], VunCannon does not make clear how these documents would prove his innocence.

juror would have convicted him in the light of the new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). VunCannon has made no such showing. Thus, the Court overrules VunCannon's objection.

Beyond addressing VunCannon's objections to the R. & R., the Court cannot meaningfully add to the findings and recommendations made by Judge Purcell. The Court overrules the objections by VunCannon and accepts the R. & R.

## IV. APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, VunCannon must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). VunCannon can satisfy this standard by demonstrating that jurists of reason could debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

After considering this Order, the R. & R., the objection, and thoroughly and carefully reviewing the record, the Court finds that reasonable jurists could not debate the Court's determinations that VunCannon's habeas petition is untimely under § 2244(d) and that he is not entitled to statutory or equitable tolling or equitable exception for actual innocence. Because VunCannon cannot make the required showing, the Court declines to issue a certificate of appealability.

## V. **CONCLUSION**

Accordingly, the Court ACCEPTS the R. & R. issued by United States Magistrate Judge Gary M. Purcell [Doc. No. 15] AS MODIFIED[9] and DISMISSES VunCannon's § 2254 action as untimely. The Court DENIES a certificate of appealability.

IT IS SO ORDERED this 20th day of February 2024.

*[signature]*
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[9] An untimely habeas petition results in a dismissal with prejudice. *See Taylor v. Martin*, 757 F.3d 1122, 1123 (10th Cir. 2014) (denying a certificate of appealability and dismissing the appeal where the district court dismissed with prejudice untimely § 2254 habeas petition); *see also McDowell v. Zavaras*, 417 F. App'x 755, 756–57 (10th Cir. 2011) (unpublished) (explaining that a habeas petition "denied as time-barred" is "a dismissal . . . on the merits") (citing cases); *Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (unpublished) ("Dismissal of a petition as time barred operates as a dismissal with prejudice."). Thus, by operation of law, the dismissal of VunCannon's § 2254 petition as untimely results in a dismissal with prejudice, and the Court modifies the R. & R. to that extent.